IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MIKE MURPHY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-07-536-N-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| IDAHO GOVERNOR BUTCH OTTER, | ) | |
| WARDEN KIM JONES, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner is a Canadian citizen in the custody of the Idaho Department of Correction (IDOC) because he was convicted of a crime in Idaho. He alleges that he is entitled to have his application for transfer to a Canadian prison considered in a timely fashion by Idaho officials. Petitioner's claim challenges the execution of his Idaho sentence, and is cognizable under 28 U.S.C. § 2254 or § 2241. Having reviewed the record in this case, the Court enters the following Order.

## REVIEW OF PETITION

### A.     Standard of Law

The Court construes Petitioner's Petition as one brought under 28 U.S.C. § 2254 or § 2241. Under either statute, relief is appropriate if a petitioner is being held in custody by the state and such custody violates the Constitution, laws, or treaties of the United States. The Court is required to review the petition upon receipt to determine whether it

**INITIAL REVIEW ORDER 1**

is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases.[1] Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

**A.   Background**

Petitioner is serving a sentence of forty years fixed, with life indeterminate. He has served approximately fifteen years of his sentence. He alleges that he complained to the state court that there was no Idaho mechanism for him to seek application to be transferred under the Convention on the Transfer of Sentenced Persons, March 21, 1983, 35 U.S.T. 2867 ("the Convention"), or under the Treaty Between The United Sates of America and Canada on the Execution of Penal Sentences, March 2, 1977, 30 U.S.T. 6263 ("the Treaty"). In his state court action, Petitioner settled his case in mediation at the district court level, from which arose a procedure for Idaho to consider whether inmates should be transferred under these treaties.

After that time, Petitioner made a request for transfer, and his request was not acted upon for several years. Petitioner's subsequent transfer request was denied by the Idaho Commission of Pardons and Parole on November 10, 2007. Petitioner has not challenged the denial in the Idaho Court system.

He currently alleges that Respondents are violating his due process rights under the

---

[1] In its discretion, the Court can apply the § 2254 Rules to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER  2**

Constitution and his rights under the treaty by not considering his application to be transferred in a timely manner and by considering incorrect information in a non-public forum.

**B.     Failure to Exhaust State Law Remedies**

A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court.  *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980).  The exhaustion doctrine requires that a petitioner give the state courts, through the designated appellate process, "a full and fair opportunity to resolve federal constitutional claims" before bringing those claims to federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion in the context of § 2254 petitions).  Here, Petitioner has not challenged the denial of his transfer in the Idaho state court system.  As a result, his claims are unexhausted, and relief on his Petition cannot be granted.  However, the Court may still deny unexhausted claims on the merits.  *See* 28 U.S.C. § 2254(b)(2).

**C.     Denial of Claims on the Merits**

It is well-established that a state prisoner has no constitutional right to be housed in a particular correctional facility.  *See Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983).  The Ninth Circuit has determined that the federal courts cannot compel states to follow the Treaty because the states are not parties to the Treaty.  *Hogan v. Koenig*, 920 F.2d 6 (9th Cir. 1990).  Following that case by analogy, another district court has determined that the states are not bound by the terms of the Convention.  *Hart v. Wilson*, 1996 WL

**INITIAL REVIEW ORDER  3**

371430 (D. Cal. 1996).

The *Hart* court further determined that "a prisoner has no protected liberty interest in a transfer under the Convention because the decision whether [to] transfer a prisoner is within the executive branch's unfettered discretion." *Id.* at *2. As a result, there is "not due process right to such a transfer." *Id*. The *Hart* court denied the inmate's claim as legally frivolous. *Id.*

A due process claim brought under the Treaty is similarly resolved. *See Hogan*, 920 F.2d at 8 (the Treaty expresses no limitations on the basis on which California may decide to require Hogan to serve his sentence in the U.S. rather than his native land). For these reasons, the Court shall dismiss this case with prejudice.

**D.     Filing Fee**

Petitioner has not paid the filing fee for this action, nor has he filed for in forma pauperis status. Petitioner shall pay the Clerk of Court the sum of $5.00 for the filing of this action when he next receives funds into his prison trust account.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Petition (Docket No. 1) is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that Petitioner shall pay the Clerk of Court the sum of $5.00 for the filing of this action when he next receives funds into his

**INITIAL REVIEW ORDER  4**

prison trust account.



DATED: **December 21, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER  5**